UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JHAL DEVONN SMITH #391981,

     Plaintiff,

v.                                                                                    Hon. Robert J. Jonker

UNITED STATES OF AMERICA, et al.,                    Case No. 1:26-cv-535

     Defendants.

_____/

### REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff sues the President of the United States, Donald J. Trump; the State of Michigan; Andrea M. Christensen-Brown;[1] Michigan Attorney General Dana Nessel; Judge Sarah S. Lincoln; Assistant Prosecutor Angelique Camfield Kuiper; prosecution witness Nicole Rynas; and the Michigan Department of Attorney General. The Court must read Plaintiff's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v.*

---

[1] Although the docket report reflects that Plaintiff sued Andrea M. Christensen and Unknown Brown, it appears that Plaintiff actually intended to sue Assistant Attorney General Andrea M. Christensen-Brown, who represented the State of Michigan in Plaintiff's previous habeas case filed in the Eastern District of Michigan. *See Smith v. Warren*, No. 4:18-CV-12760, 2019 WL 3412922 (E.D. Mich. July 29, 2019).

*Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, and pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **DISMISS** Plaintiff's complaint for failure to state a claim upon which relief may be granted.

## I. Background

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility. On July 25, 2015, Judge Lincoln of the Calhoun County Circuit Court sentenced Plaintiff as a fourth-offense habitual offender, Mich. Comp. Laws § 769.12, to concurrent terms of 50 to 75 years for a first-degree criminal sexual conduct (CSC-I) conviction; 26 years, 8 months to 50 years for a third-degree criminal sexual conduct (CSC-III) conviction; 19 to 50 years on an unlawful imprisonment conviction; 12 years, 8 months to 50 years for an assault by strangulation or suffocation conviction; and 6 years, 4 months to 50 years for a domestic violence conviction. *See Smith v. Warren*, No. 4:18-cv-12760, 2019 WL 3412922, at *1 (E.D. Mich. July 29, 2019). As Plaintiff alleges in his complaint, he previously filed a civil rights action in this Court pursuant to 42 U.S.C. § 1983 that was recharacterized as a habeas petition under 28 U.S.C. § 2254 and transferred to the Sixth Circuit Court of Appeals as a "second or successive" habeas petition. *See Smith v. Michigan Dep't of Corrs.*, No. 1:25-cv-18 (W.D. Mich.), ECF No. 7.

Plaintiff has also filed a previous Section 1983 action regarding his convictions. In *Smith v. Lincoln*, No. 1:23-cv-1208 (W.D. Mich.), Plaintiff sued Judge Lincoln and Assistant Prosecutor Kuiper alleging that he was unlawfully convicted because there was insufficient evidence to convict him and Defendants committed misconduct during trial which led to his convictions. Plaintiff further alleged that he was not guilty of the crimes for which he was convicted and was totally innocent. *Id.*, ECF No. 11 at PageID.8–9. The court dismissed the action because Plaintiff's

2

claims concerning his criminal convictions were barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), and, to the extent Plaintiff asserted any claim not barred by *Heck*, Defendants Lincoln and Kuiper were entitled to absolute judicial and prosecutorial immunity. *Id.* at PageID.10–14.

Plaintiff's present action, much like previous action against Judge Lincoln and Assistant Prosecutor Kuiper, attacks the validity of his 2015 convictions. Plaintiff insists that he is "innocent and did not have a fair trial," and has suffered "false imprisonment" due to violations of his constitutional rights. (ECF No. 1 at PageID.3–5.) Plaintiff focuses upon the Michigan Court of Appeals' determination that the trial court failed to properly instruct the jury on the CSC-I charge. He alleges that, due to this error, he has been unlawfully imprisoned. (*Id.* at PageID.4–5.) However, the Michigan Court of Appeals found that, in spite of the trial court's instructional error, reversal was not mandated because the error was unpreserved and there was no indication that the error was "plain, clear, or obvious given the caselaw addressing statutes in which repeated offenses can elevate the crime from a misdemeanor to a felony, which the trial court and both trial attorneys appear to have concluded was controlling." *People v. Smith*, 2016 WL 6992690, at *2–3 (Mich. Ct. App. Nov. 29, 2016). The court further declined to find that the alleged error affected Plaintiff's substantial rights as it was undisputed that at the time of the CSC-I offense he had been convicted of domestic violence on at least two occasions. *Id.* at *3.

For relief, Plaintiff seeks $9 million in damages against Judge Lincoln in her individual capacity. He further requests that Attorney General Nessel "be held accountable to the relief from custody that may be granted" and that his accuser be required to pay money damages. Finally, Plaintiff requests that his criminal case be transferred to the United States Supreme Court so that

the Supreme Court may grant him relief by having the President of the United States issue an executive order pardoning Plaintiff. (*Id.* at PageID.8–9.)

## II.  Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

4

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III.  Discussion

#### A.    *Heck*-bar

As  noted, in Case No. 1:23-cv-1208 against Judge Lincoln and Assistant Prosecutor Kuiper, the court explained that Plaintiff's challenges to his criminal convictions by way of his Section 1983 civil rights lawsuit were barred under the *Heck* doctrine unless and until his criminal convictions were invalidated by one of the means set forth in *Heck*. ECF No. 11 at PageID.11–12.) Nothing has changed since the December 14, 2023 Opinion and Judgment were issued in Case No. 1:23-cv-1208. Plaintiff's convictions remain in effect and have not been overturned or vacated. Accordingly, Plaintiff's claims remain *Heck*-barred.[2]

#### B.    President Trump

It appears that Plaintiff has named President Trump in pursuit of a pardon. (*Id.* at PageID.7, 9.) This claim is subject to dismissal for several reasons. First, to the extent Plaintiff seeks transfer

---

[2] To the extent Plaintiff requests release from imprisonment in this action, that request is improper. A request for release from prison constitutes a challenge to the fact or duration of confinement, which should be brought as a petition for habeas corpus; it is not the proper subject of a civil rights action brought pursuant to Section 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (discussing that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).

of either this case or his criminal case to the Supreme Court so that it may direct the President to issue an executive order or pardon, this Court has no authority to transfer a case to the Supreme Court.

In addition, the Supreme Court has observed that a "District Court's grant of injunctive relief against the President himself is extraordinary, and should . . . raise[ ] judicial eyebrows." *Franklin v. Massachusetts*, 505 U.S. 788, 802 (1992). As such, "[t]he prospect of this [or any] Court issuing an injunction against the President [presents] serious separation of powers concerns." *Newdow v. Bush*, 355 F. Supp. 2d 265, 280-82 (D.C. 2005). Indeed, this Court generally lacks "jurisdiction . . . to enjoin the President in the performance of his official duties." *Mississippi v. Johnson*, 71 U.S. 475, 501 (1866); *see also Franklin*, 505 U.S. at 803; *Swan v. Clinton*, 100 F.3d 973 (D.C. Cir. 1996).

Finally, Plaintiff's request for a Presidential pardon, whether or not via the judiciary, fails because the President has no power to pardon state-law offenses. *Hatcher v. United States*, No. 5:20-cr-32, 2024 WL 666497, at *2 (W.D.N.C. Feb. 16, 2024) ("The President has no authority to pardon state convictions. As such, it does not apply to Petitioner's state marijuana possession conviction."); *Williams v. Ige*, Civ. No. 17-222, 2017 WL 2642967, at *4 (D. Hawaii June 19, 2017) (noting that "a President has no authority to issue a commutation or pardon with respect to a state conviction or sentence"); *In re Bocchiaro*, 49 F. Supp. 37, 38 (W.D.N.Y. 1943) ("Since the crime charged here was not an offense against the United States, the President has not the power of pardon (Sec. 2, Art. II of the U.S. Constitution), and it lies only in the state.").

### C.  Immunity

#### 1.  State of Michigan and Michigan Department of Attorney General

Plaintiff's claims against the State of Michigan are barred in this federal Court by the Eleventh Amendment. Regardless of the form of relief requested, the States and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity, or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Similarly, because the Michigan Department of Attorney General is a department of the State of Michigan, the Eleventh Amendment bars Plaintiffs' claims against this Defendant as well. *See Cardello-Smith v. Michigan Dep't of Corrs.*, No. 2:22-cv-10520, 2022 WL 2758531, at *2 (E.D. Mich. July 14, 2022); *Reynolds v. Harris-Spicer*, No. 1:05-CV-527, 2007 WL 1657406, at *2 (W.D. Mich. June 7, 2007) ("Plaintiffs' claims against the Michigan Attorney General's Office and the Michigan Department of Corrections are barred by the Eleventh Amendment.").

#### 2.  Judge Lincoln, Assistant Prosecutor Kuiper, Assistant Attorney General Christensen-Brown, and Attorney General Nessel

Plaintiff's claims against Judge Lincoln and Assistant Prosecutor Kuiper in their individual capacities are barred by issue preclusion based on rulings in Case No. 1:23-cv-1208 that Judge Lincoln is entitled to absolute judicial immunity and Assistant Prosecutor Kuiper is entitled to absolute prosecutorial immunity.

"Issue preclusion . . . bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Issue preclusion applies where: (1) the identical issue was raised and actually litigated in a prior proceeding; (2) the determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior proceeding. *Aircraft Braking Sys. Corp. v. Local 856, Int'l Union, United Auto., Aerospace & Agric. Implement Workers, UAW*, 97 F.3d 155, 161 (6th Cir. 1996).

All of the elements for issue preclusion are met. The issue of absolute immunity was raised both as to Judge Lincoln and Assistant Prosecutor Kuiper, and a final judgment resulted on the merits. Moreover, Plaintiff had a full and fair opportunity to litigate the issue in the prior case. Plaintiff appealed the judgment to the Sixth Circuit and raised the issue of immunity in his appeal. *Smith v. Lincoln*, No. 24-1035, 2024 WL 5338140, at *2 (6th Cir. Sept. 18, 2024). The Sixth Circuit not only affirmed the dismissal of Plaintiff's claims against Judge Lincoln and Assistant Prosecutor Kuiper on the basis of absolute immunity, but remanded the matter with instructions to dismiss Plaintiff's claims against them in their individual capacities with prejudice. *Id.*

Apart from issue preclusion, Judge Lincoln and Assistant Prosecutor Kuiper are entitled to absolute judicial and prosecutorial immunity for the reasons given in Case No. 1:23-cv-1208. Assistant Attorney General Christensen-Brown, who represented the State of Michigan in defending Plaintiff's habeas petition, is also entitled to absolute immunity. *See Folley v. Merz*, No. 1:23 CV 1016, 2023 WL 5229765, at *4 (N.D. Ohio Aug. 15, 2023) (holding that the defendant assistant attorneys general who represented the state in defending the plaintiff's habeas

8

proceedings were entitled to absolute immunity from damages); *Edwards v. Price*, No. 1:09-25, 2009 WL 1471187, at \*2 (M.D. Tenn. May 26, 2009) (assistant attorney general who filed a motion to dismiss the plaintiff's state habeas proceeding was acting within the scope of her official duties and entitled to absolute immunity against the plaintiff's claims). Finally, Attorney General Nessel is entitled to absolute immunity. *See Harmon v. Michigan*, No. 1:25-cv-1457, 2025 WL 4353937, at \*4 (W.D. Mich. Dec. 26, 2025), *adopted by* 2026 WL 500043 (W.D. Mich. Feb. 23, 2026) (holding that Attorney General Nessel and the county prosecutor were entitled to absolute immunity for actions taken during the course of the plaintiff's criminal case).

### 3.     Prosecution Witness Nicole Rynas

Plaintiff's claim against prosecution witness Nicole Rynas is barred by absolute witness immunity. Plaintiff alleges no fact regarding his claim against her but simply indicates that she was a witness for the prosecution. Absolute witness immunity bars a claim that is based on a defendant testifying in a prior judicial proceeding. *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999) ("It is well-settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings."); *accord Hinchman v. Moore*, 312 F.3d 198, 205 (6th Cir. 2002). "The scope of this immunity is akin to the scope of absolute prosecutorial immunity, which applies to conduct 'intimately associated with the judicial phase of the criminal process.'" *Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 640 F.3d 716, 724 (6th Cir. 2011) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Accordingly, Plaintiff's damage claim against Ms. Rynas is barred by absolute witness immunity.

### IV.  Conclusion

Having conducted the review required by the PLRA, I recommend that the Court dismiss Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b) for failure to state a claim.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that I recommend dismissal of this action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See McGore*, 114 F.3d at 610–11.


Date:  April 13, 2026                                    /s/ Sally J. Berens
                                                         SALLY J. BERENS
                                                         U.S. Magistrate Judge

**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).